## George Crawford and Wife, Plffs. in Err., *v.* Jesse E. Ryan and Wife, In Right of the Wife.

The words used in this case held to charge a crime, and consequently to be actionable *per se.*

In an action for slander it is not error to instruct the jury that "every human being has a right to come and go. We are too apt to pass by wrongs. As citizens we should permit no wrongs to go unavenged. He is no good citizen who refuses to prosecute for any wrong done to him."

Testimony that the witness is a neighbor and would have heard slanderous words if they had been uttered is inadmissible in evidence.

(Decided January 24, 1887, and Petition for Rehearing Denied February 7, 1887.)

July Term, 1886, No. 136. Error to Common Pleas No. 3 of Philadelphia County to review a judgment on a verdict for the plaintiffs in an action of trespass on the case for slander. Affirmed.

At the trial before FINLETTER, J., it appeared that the plaintiffs and defendants were neighbors and their back yards adjoined each other. The plaintiff, Mrs. Ryan, testified that the defendant, Mrs. Crawford, had repeatedly and in the presence of others called her a "God damned whore," said to her "you've got the pox," and charged her with having poisoned one Eva Marquette.

Mrs. Marquette testified that Mrs. Crawford said if Mrs. Ryan had not given an emetic to her own child he too would have died.

Cited in Hackett v. Amsden, 59 Vt. 554, 8 Atl. 737, holding that, on an issue involving title to property, a witness may not testify that he resided in the neighborhood and never heard one of the claimants claim title to the property in dispute.

NOTE.—For the right of action for slanderous words imputing unchastity, see note to Stoke v. Miller, 8 Sad. Rep. 100.

The plaintiffs' son testified that the school boys called out to him: "You poisoned Eva Marquette." As corrected in the paper book of defendants in error, it was: "Your mother poisoned Eva Marquette."

In the paper book of defendants in error the testimony of one of the plaintiffs' witnesses is given, to the effect that the witness heard it said more than once that Mrs. Ryan poisoned Eva Marquette. This did not appear in the testimony as printed in the paper book of plaintiffs in error.

The defendants denied the truth of this testimony, and offered to prove by neighbors, "that they had opportunities for seeing and hearing what occurred in the yards of Mrs. Crawford and Mrs. Ryan, and that no such language was used as related by Mrs. Ryan, in their hearing."

The court rejected the offer and charged as follows:

This action is brought for malicious defamatory words. The defense is that no such words were spoken. Your business is to find out whether or not the words were spoken. The words laid in the declaration are actionable; that is, they impute a crime or crimes; and such words are actionable without the proof of special damage. [Mrs. Ryan is to some extent corroborated by her husband and son and Mrs. Marquette, and by what the little boy said was said to him by his school fellows.

Mrs. Crawford denies that she ever uttered such words at any time. She is not corroborated by a single witness.] It is no defense to call thousands who had not heard it; it is only calculated to mislead. If you want to contradict, you must call witnesses who were there and who had an opportunity of seeing and hearing. You must be satisfied the words were spoken, and if you are satisfied the words were spoken, then comes the question of damages. It is not necessary to prove special damage. The law presumes damage when such charges are made. The amount of damages depends upon the circumstances of the case. The first consideration is the language used. The words used in this case charge plaintiff with murder, adultery and a loathsome disease usually accompanying a life of prostitution.

Then you are to consider whether the words were persisted in; repeated. If they were used suddenly in passion, the jury might be justified in not inflicting severe damages. The repetition of such charges shows malignity of heart, malice, and would warrant damages accordingly. The plaintiff alleges and en-

deavors to establish that these words were repeated again and again in the street, at the market place, in her own house and in quiet conversation.

Another thing is the effect the language has had upon the parties. It is in evidence and rather admitted by the other side that Mrs. Ryan visited Mr. Crawford to put a stop to these annoyances. Again; Mrs. Marquette said Mrs. Ryan would like to have the child Eva disinterred and she, Mrs. Ryan, would pay expenses. It is in evidence and admitted that Mrs. Ryan wrote to Mr. Crawford about what had been said about this very thing and desired to have them redressed, and no action was taken. Then take the consequences these words would have on the public. It is in this way injury to reputation arises and does serious injury.

[Again; you have heard what the school boys said to her son. If this be true, it could only come from the fact that the charge was made known in that community. Mr. and Mrs. Ryan and the son have shown the acts of the defendants, such as cutting down the line, throwing that water, remarks when they came. That shows malice on the part of the defendants, it was a part of carrying out the malice.] The most malignant thing was what Mrs. Crawford said to Mrs. Marquette; that if Mrs. Crawford had not given an emetic to her little boy, he too would have died. Of course the truth of this must be passed upon by you.

[I want to make a a remark of a general character. Every human being has a right to come and go. We are too apt to pass by wrongs. As citizens we should permit no wrongs to go unavenged. He is no good citizen who refuses to prosecute for any wrong done to him.]

Verdict for plaintiffs for $2,500.

The assignments of error specified the rejection of the defendants' offer, and the portions of the charge inclosed in brackets.

The paper book of the plaintiffs in error did not contain all the testimony.

The counsel for defendants in error, in his paper book, to supply omissions in the evidence as set forth in the paper book of plaintiffs in error, printed an appendix from his notes of the testimony.

*George H. Earle, Jr., Joseph M. Pile,* and *Richard P. White,* for the plaintiffs in error.—It is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable. Whart. Ev. § 21.

Where a witness swears positively that he occupied a house during a certain time, the testimony of a neighbor that he had not seen him there during two days of the time is admissible to show that he did not then occupy the house. Chandler v. Commerce F. Ins. Co. 88 Pa. 223.

Facts and circumstances upon which any reasonable presumption or inference can be found, as to the truth or falsity of the disputed fact, are admissible. Thompson v. Boyle, 85 Pa. 480.

It is an answer to an objection on the ground of relevancy, that the offered testimony tends in the slightest decree to sustain any material averment. If it may have this effect under any of the contingencies to which a cause in the progress of trial is liable, it would be hazardous to exclude it. Miller v. Stem, 12 Pa. 386.

The importance of the evidence is not material, provided it is in the least degree relevant. Weidman v. Weitzel, 13 Serg. & R. 98.

If the tendency of evidence offered be to prove a fact, it is not the province of the court to say whether it would actually prove it. If with other facts in the case it tends to establish a result, it should be admitted. Pratt v. Richards Jewelry Co. 69 Pa. 53.

To instruct the jury that there is no evidence of a fact but in the testimony of one witness, if another has given the same testimony, is error. Keeler v. Vantuyle, 6 Pa. 250.

Where the language of the charge as to the true character of the testimony tends to mislead the jury, it is error. Fawcett v. Fawcett, 95 Pa. 376; Pennsylvania Canal Co. v. Harris, 101 Pa. 80; Egbert v. Payne, 99 Pa. 244.

Language from the court calculated to inflame the jury is cause for reversal. Linn v. Com. 96 Pa. 288; Coxe v. Deringer, 82 Pa. 258; Stokes v. Miller, 10 W. N. C. 246; Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16; Reams v. Pancoast, 111 Pa. 47, 2 Atl. 205.

*Thomas H. Neilson,* for defendants in error.—Evidence which ought not to influence the jury should be excluded from

their consideration. D'Homergue v. Morgan, 3 Whart. 26; Gobble v. Minnich, 10 Pa. 488; Tams v. Lewis, 42 Pa. 402.

Evidence must tend in some degree to prove the fact in dispute; there is no such thing as evidence to corroborate, which is not evidence *per se.* Wolle v. Brown, 4 Whart. 365. The rejection of evidence, the relevancy of which does not appear, cannot be assigned for error. Clement v. Wright, 40 Pa. 250.

If illegal evidence be given without objection, it is not error to consider it in the charge. Scott v. Sheakly, 3 Watts, 50.

On error evidence will not be deemed to be hearsay, where the witness has not been interrogated as to the source of his information. Ellis v. Guggenheim, 20 Pa. 287.

It is presumed on error that no fact was submitted to the jury without evidence to sustain it, unless the contrary be clearly shown. Gifford v. Gifford, 27 Pa. 202.

On a writ of error the court cannot consider the sufficiency of the evidence, if there was any, for the jury. Inman v. Kutz, 10 Watts, 90.

The question of the weight of evidence is not the subject of consideration, on error. Sampson v. Com. 5 Watts & S. 385.

If no particular instructions are prayed, the court is responsible only for the general effect of the charge. Reeves v. Delaware, L. & W. R. Co. 30 Pa. 454, 72 Am. Dec. 713.

If illegal evidence be given without objection, it may be considered by the jury. M'Cullough v. Wallace, 8 Serg. & R. 181; Weckerly v. Geyer, 11 Serg. & R. 35.

Admissions against interest are evidence against the party of the fact admitted. Eldred v. Hazlett, 33 Pa. 307.

Error cannot be assigned in the charge of the court upon matters of fact, if the facts be submitted to the jury. Long v. Ramsay, 1 Serg. & R. 72; Graham v. Graham, 1 Serg. & R. 330; Lilly v. Paschal, 2 Serg. & R. 394, and Renn v. Pennsylvania Hospital, 2 Serg. & R. 413; Henwood v. Cheeseman, 3 Serg. & R. 500; Sampson v. Sampson, 4 Serg. & R. 329, and Porter v. McIlroy, 4 Serg. & R. 436; M'Ilvaine v. M'Ilvaine, 6 Serg. & R. 559; Riddle v. Murphy, 7 Serg. & R. 230; Harper v. Kean, 11 Serg. & R. 280; Rouvert v. Patton, 12 Serg. & R. 253; Kerr v. Sharp, 14 Serg. & R. 399; Robinson v. Justice, 2 Penr. & W. 19, 21 Am. Dec. 407; Baker v. Lewis, 4 Rawle, 356; Hamet v. Dundass, 4 Pa. 178; Levers v. Van Buskirk, 4 Pa. 309; McDowell v. Oyer, 21 Pa. 417; Thompson v. Franks, 37 Pa. 327.

It is sufficient that the leading facts of the case are fairly presented to the jury. Penn Mut. L. Ins. Co. v. Snyder, 33 Phila. Leg. Int. 297, 3 W. N. C. 269.

It is not error to express an opinion upon the weight of the evidence, if the facts be left to the' jury. Burr v. Sim, 4 Whart. 150, 33 Am. Dec. 50; Hamet v. Dundass, 4 Pa. 178; Sailor v. Hertzogg, 10 Pa. 296; Schoneman v. Fegley, 14 Pa. 376; Sample v. Robb, 16 Pa. 305; Repsher v. Wattson, 17 Pa. 365; Porter v. Seiler, 23 Pa. 424, 62 Am. Dec. 341; Graham v. Smith, 25 Pa. 323; and Crum v. Burke, 25 Pa. 377; Cathcart v. Com. 37 Pa. 108, and Thompson v. Franks, 37 Pa. 327; Ditmars v. Com. 47 Pa. 335; Bitner v. Bitner, 65 Pa. 347.

The judge has a right to comment on the evidence, so that the facts be left to the jury. Phelin v. Kenderdine, 20 Pa. 354; Ralston v. Groff, 55 Pa. 276.

It is not error to comment upon the facts, unless it tend to mislead the jury. Greeley v. Thomas, 56 Pa. 35.

Error must be shown affirmatively; no presumption will be admitted, to reverse a judgment. Munderbach v. Lutz, 14 Serg. & R. 220; Fitsimmons v. Leckey, 3 Penr. & W. 111; Baxter v. Graham, 5 Watts, 418; Alexander v. Westmoreland Bank, 1 Pa. St. 395; Cabarga v. Seeger, 17 Pa. 514; Plank Road Co. v. Rineman, 20 Pa. 99; Hartman v. Keystone Ins. Co. 21 Pa. 466; McCaskey v. Graff, 23 Pa. 321, 62 Am. Dec. 336; Allegheny v. Nelson, 25 Pa. 332; Bryan v. Com. 27 Pa. 284; Storch v. Carr, 28 Pa. 135; Wagner's Appeal, 43 Pa. 102; Aiken v. Stewart, 63 Pa. 30; and Sorg v. First German Evangelical St. Paul's Congregation, 63 Pa. 156; Birmingham v. Dorer, 16 Pittsb. L. J. 51; Kille v. Ege, 79 Pa. 15; Hill v. Prescott, 31 Phila. Leg. Int. 373; Weishert v. Orris, 22 Pittsb. L. J. 208, 32 Phila. Leg. Int. 283, 1 W. N. C. 322; Kiser v. Vanleer, 2 W. N. C. 561.

Where no special instructions are asked, the supreme court must assume the truth of the facts stated in the pleadings, in accordance with the verdict. Cattison v. Cattison, 22 Pa. 275.

It is the duty of every good citizen, knowing of a treason or felony committed, to inform a magistrate. Silently to observe the commission of a felony, without using any endeavor to apprehend the offender, is a misprision. 1 Russell, Crimes, 43; Hawk. P. C. chap. 59, 5, 6; 4 Bl. Com. 110.

PER CURIAM:

The charge as a whole is correct. We see nothing therein unfair or misleading. The evidence, as corrected in the paper book of the defendants in error, removes the doubt that might otherwise exist. There is much evidence of the speaking of words clearly actionable. No cause is shown for reversing the judgment.

Judgment affirmed.